# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TURNER,

    *Plaintiff*,

vs.

H.D.S.P. LAW LIBRARY,

    *Defendant*.

2:13-cv-01623-JCM-VCF

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the court for initial review of the complaint under 28 U.S.C. § 1915A as well as upon multiple motions (## 9-11) filed by plaintiff. The court defers action on the pauper application at present.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520(1972).

Plaintiff John Turner alleges that he has been denied due process of law in violation of the fourteenth amendment because he has been denied legal supplies, including manila envelopes, pens and paper.

At the very outset, plaintiff has failed to name a viable defendant in the complaint.

Plaintiff may not proceed against the state and the state department of corrections in federal court. First, plaintiff may not proceed against the state or an arm of the state due to the state sovereign immunity recognized under the eleventh amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a state or an arm of a state regardless of the relief sought, and plaintiff in any

event seeks monetary damages. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).  Second, a state or an arm of a state is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

Plaintiff otherwise may not proceed against High Desert State Prison, the "H.D.S.P. – Law Library," and/or the "H.D.S.P. – Canteen."  The prison is just a set of buildings.  Neither the prison, the law library, nor the canteen is a juridical person or entity subject to suing or being sued.

Plaintiff thus has failed to name any viable defendant subject to suit.

The complaint otherwise in any event fails to state a claim upon which relief can be granted.

There is no due process right to legal supplies under the fourteenth amendment.  To the extent that plaintiff alleges that he has been denied supplies allegedly in violation of corrections department administrative regulations, he fails to state a claim for relief.  The violation of state administrative regulations does not in and of itself establish that a plaintiff has been denied a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 476-86 (1995).

In order to establish a claim for relief instead under the first amendment for an alleged denial of a right of access to the courts, plaintiff must establish: (a) "'actual injury' – that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim," that affects (b) pursuit of litigation "to attack [his] sentence[], directly or collaterally, and in order to challenge the conditions of [his] confinement." *Lewis v. Casey*, 518 U.S. 353, 348 & 355 (1996).  As the supreme court observed in *Casey*:

> . . . *Bounds* [*v. Smith*, 430 U.S. 817 (1977),] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

> . . . . .
>
> . . . *Bounds* . . . guarantees no particular methodology but rather the conferral of a capability — the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates that the State has [denied the right of access to the courts]. . . . .

518 U.S. at 355 & 356.

In the present complaint, plaintiff alleges in count I only that: (a) "I first *received* legal supplies . . . for the purpose of [a] small claims suit against L.V.M.P.D. and C.C.D.C;" (b) that he since has been denied supplies "hendering [sic] correspondence to thee court's or my appellee [sic] lawyer;" and (c) that he has "two other small claims suit & a civil, lout [sic] can't get them filed." #1-1, at 4 (emphasis added). These nonspecific allegations do not permit the court to infer more than the mere possibility of misconduct. That is, nothing in these conclusory allegations would tend to establish that plaintiff has sustained actual injury to litigation activity protected by the First Amendment. Merely because plaintiff allegedly has been hindered in small claims or other civil actions, even against possibly prior custodians, does not tend to establish that he has been hindered in litigation challenging the conditions of his confinement. Nor does a conclusory allegation that plaintiff has been "hendered" in corresponding with his direct appeal counsel establish actual injury to pursuit of his direct appeal due to an inability to communicate with counsel through any means.[1]

Count II – which does not include even a single complete sentence – further also quite obviously does not state a claim for relief, in any respect.

The complaint therefore will be dismissed without prejudice for failure to state a claim upon which relief may be granted, with an opportunity for plaintiff to amend within thirty days of this order to correct the deficiencies identified herein, if possible.

---

[1] The online docket of the state supreme court reflects that plaintiff's direct appeal in No. 62461 in that court has been briefed and is pending for decision.

***Pending Motions***

Plaintiff's motion (#9) to strike will be denied.

To the extent that the motion presents a coherent request for relief, plaintiff apparently is seeking to have this court strike a filing in a state court small claims proceeding. Plaintiff will have to seek any relief regarding proceedings in the state courts in the state courts. A federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, and/or an exercise of supervisory jurisdiction. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In seeking to have this federal district court enter an order striking filings in a state small claims proceeding, plaintiff unquestionably has sought to invoke appellate jurisdiction by the federal district court over the state court. The court does not have such jurisdiction

Moreover, plaintiff may pursue only the relief requested on the claims presented in the complaint, as amended. That is, this action is not a continuing clearinghouse for all of plaintiff's running controversies of one sort or another with state authorities without regard to what claims actually are alleged in the complaint. He can pursue claims and associated relief based only on the claims presented in the pleadings, as amended.

The motion (#10) for settlement of judgment will be denied. To the extent that the motion presents a coherent request for relief, plaintiff apparently is seeking judgment in his favor because his dispute with correctional authorities has not yet been resolved. Plaintiff first must present a viable claim for relief, which he has not done. Nor can plaintiff obtain relief prior to, *inter alia*, screening of a complaint and an order by the court directing service.

The motion (#11) for summary judgment also will be denied. A motion for summary judgment is premature before, *inter alia*, the pleadings are screened, the defendants are served, and a scheduling order is issued. Plaintiff, again, has not presented viable claims for relief at this point. The conclusory one-page motion with an attached stack of exhibits in any event fails to present a viable motion for summary judgment.

Plaintiff further should note the following. First, plaintiff may not file freestanding exhibits and factual statements in the record. He instead must set forth all of his operative

factual allegations within the four corners of the complaint itself, without incorporation of other documents.  The court is not required to – nor will it – sift through multiple stacks of exhibits and other filings trying to piece together plaintiff's possible claims.  Plaintiff must include all allegations in his pleadings *and* he must *not* file freestanding exhibits and factual statements in the record.  Second, plaintiff can add claims to the complaint only by filing a properly presented amended complaint that is complete in itself and includes all of plaintiff's claims.  The court again is not required to – nor will it – sift through other filings trying to piece together other possible claims.  If claims or allegations are not included in the most recent pleading filed, they are not before the court.

IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:13-cv-01623-JCM-VCF**, above the word "AMENDED" in the space for "Case No."  Under local rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

IT FURTHER IS ORDERED that action on the pauper application (#1) is deferred at this time.

IT FURTHER IS ORDERED that all other pending motions (## 09-11) are DENIED.

The clerk shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered. In either event, the pauper application will be acted on in connection with the judgment.

DATED: April 17, 2014.

_____
JAMES C. MAHAN
United States District Judge