# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TURNER, #1096333,

    *Plaintiff*,

vs.

H.D.S.P. LAW LIBRARY, *et al.*

    *Defendants*.

No. 2:13-cv-01623-JCM-VCF

ORDER

    This *pro se* prisoner civil rights action by a state inmate comes before the court for initial review of the amended complaint (#20-1) under 28 U.S.C. § 1915A, as well as on plaintiff's application (#1) to proceed *in forma pauperis*, motion (#17) for sanctions, motion (#20) for leave to file an amended complaint, and motion (#21) for appointment of counsel.

    It appears that plaintiff filed the motion for leave to file an amended complaint after he first filed an amended complaint (#19) that, *inter alia*, was on a state court form.  The court will grant the motion for leave to amend and thus will screen the superceding amending pleading submitted with the motion.

    The prior screening order (#16) dismissed the original complaint without prejudice and with leave to amend.  The order outlines the screening standard and the application of the standard to the claims in the original complaint.

    The amended complaint does not correct the deficiencies in the original complaint.

    Plaintiff still seeks to proceed against the State of Nevada despite being informed that state sovereign immunity bars any suit in federal court against the state. #16, at 2-3.

1   Plaintiff still seeks to proceed against High Desert State Prison, the "H.D.S.P. Law
2   Library," and the "H.D.S.P. Canteen" despite being informed that the prison buildings and the
3   other purported defendants are not juridical persons subject to being sued.

4   Plaintiff adds state corrections department director Cox as a defendant in his official
5   capacity. However, first, plaintiff cannot proceed against a state official for monetary
6   damages, which is the only relief sought, in their official capacity;[1] second, plaintiff otherwise
7   states no actual factual allegations in the amended complaint that would establish liability on
8   the part of Cox in his individual capacity;[2] and, third, as discussed *infra*, plaintiff states no
9   claim for relief in the amended complaint in all events.

10  Amended count I continues to fail to state a claim upon which relief may be granted.
11  The statement in the prior screening order as to original count I continues to apply to
12  amended count I:

> There is no due process right to legal supplies under the fourteenth amendment. To the extent that plaintiff alleges that he has been denied supplies allegedly in violation of corrections department administrative regulations, he fails to state a claim for relief. The violation of state administrative regulations does not in and of itself establish that a plaintiff has been denied a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 476-86 (1995).

18  #16, at 3. The allegations in amended count I do not state a due process violation.[3]

---

[1] First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the eleventh amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

[2] There is no *respondeat superior* vicarious liability under § 1983 for the alleged acts of subordinates, under the due process clause or otherwise. A supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

[3] The added allegations in amended count I do not state a due process violation. Plaintiff alleges that he was denied legal supplies over a four month period from March through June 2013. His bare allegation that he "felt" that the supplies were denied in retaliation for his filing a small claims complaint does not state a
(continued...)

Amended count II fails to state a viable claim under the first amendment for denial of access to the courts. The screening order outlined at length the governing law requiring that a plaintiff demonstrate (a) actual injury to (b) pursuit of litigation either attacking his conviction or challenging the conditions of his confinement. See #16, at 3-4. Plaintiff has not presented actual factual allegations tending to establish more than the mere possibility of misconduct and thereby giving rise to a viable claim based upon his allegedly being denied legal supplies for four months from March through June 2013.

First, plaintiff maintains that he was unable to file this action until September 5, 2013, and No. 2:13-cv-01740-JAD-VCF until September 23, 2013. As to this action, an alleged two month delay in being able to file a lawsuit until September 2013 regarding an alleged denial of legal supplies in March through June 2013 does not present actual injury to support a first amendment claim. The alleged delay clearly has not caused this action to be time-barred or resulted in other substantial injury. Plaintiff cannot bootstrap an alleged brief and non-prejudicial delay in being able to pursue the first amendment claim itself as demonstrating actual injury to support a first amendment claim seeking damages. Similarly, No. 2:13-cv-01740 concerns alleged events occurring on and after February 13, 2013, and the alleged delay has not resulted in that action being dismissed on the basis of untimeliness. Plaintiff has filed a total of ten actions in this court from September 5, 2013, through May 1, 2014, with numerous filings within multiple actions. It does not appear that his ability to pursue claims regarding his confinement has sustained significant impairment, much less actual injury.

---

[3](...continued)
due process violation. Nor does such a bare and factually unsupported allegation state a violation otherwise. Nor does such an allegation state a claim against a viable defendant named in the pleadings. The allegation that officials – not named as defendants in the pleadings – failed to respond timely to his grievances fails to state a viable procedural due process claim. As plaintiff has been informed in other litigation in this court, under well-established law, an inmate does not have a constitutional right to have his grievances decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff asserts that the officials were trying to set plaintiff up for a defense of failure to exhaust administrative remedies. However, if *arguendo* state officials were responsible for plaintiff not exhausting administrative remedies, he may argue that circumstance in response to the defense if and when raised in an action. Delays in responding to a grievance, however, do not give rise to a viable constitutional procedural due process claim.

Second, plaintiff alleges that his counsel on his direct criminal appeal "needed statements and review of prelim[inary] transcripts from plaintiff which plaintiff could not relay over the phone therefore requiring professional legal correspondence." As with plaintiff's allegation in the original complaint that he was "hendered" in communicating with counsel, this sparse allegation does not "establish actual injury to pursuit of his direct appeal due to an inability to communicate with counsel through any means." #16, at 4.[4]

Third, plaintiff alleges that because of the denial of legal supplies "plaintiff defaults on defendants were not timely filed." This conclusory allegation does not identify the litigation to which plaintiff refers. As the court stated in the prior screening order, plaintiff must establish actual injury not merely generally to his ability to litigate but instead to his ability to bring claims challenging his conditions of confinement. See #16, at 4. Moreover, it is doubtful that an alleged inability to more rapidly seek a default is equivalent to a loss or rejection of a claim as would be required to demonstrate actual injury.[5]

Fourth, plaintiff alleges that "would it not be surprising to find out" that the defendants herein also are defendants in his small claims cases in the state courts. Again, alleged interference with unspecified litigation rather than protected litigation does not state a claim for relief under the first amendment. The rhetorical allegation in any event does not state any actual factual allegations tending to establish actual injury in the small claims cases.

Finally, plaintiff's allegation that he was caused unneeded duress by the denial of legal supplies does not present the actual injury to litigation that is necessary to support a first amendment claim.

---

[4] As the court noted in the prior screening order, plaintiff's direct appeal in No. 62461 in the state supreme court has been briefed and is pending for decision, following an oral argument on June 13, 2014. The online docket does not reflect that counsel needed to seek additional time to file a brief or any other relief due to an alleged inability to communicate effectively with plaintiff to any extent needed in March through June 2013. In all events, the sparse allegation presented – after an opportunity to amend – does not tend to establish the actual injury required for a viable first amendment claim.

[5] The court notes in passing that plaintiff's filings in federal court have not exhibited an understanding as to when defendants in fact are obligated to respond. The conclusory allegation in any event does not tend to establish actual injury to litigation activity protected by the first amendment.

Amended count II therefore does not state a viable first amendment claim.

Amended count III alleges in its entirety:

> Plaintiff has had to barter for envelopes in order to mail legal statements to appellate lawyer in direct appeal.
>
> Also other issues which could not be remedied thru Nevada DOC grievance process leaving plaintiff no other alternative other than to seek relief through the courts.
>
> However these actions were halted by HDSP Law Library & Canteen Personnel denying Plaintiff the right to obtain legal supplies through theft.

#20-1, at 6. These conclusory and fragmentary allegations add nothing of viable substance to the prior two counts.

Final judgment therefore will be entered dismissing this action for failure to state a claim upon which relief may be granted. The court finds that a second opportunity for leave to amend, following pleading deficiencies substantially of the same nature as identified in the prior screening order, would be futile.

All pending motions will be denied, including the motion for appointment of counsel. The court does not find that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff in this matter. There is no likelihood of success on the merits and plaintiff has demonstrated an adequate ability to seek relief – both in this action and multiple other state and federal suits – proceeding *pro se*. Nothing in plaintiff's counsel motion leads to a contrary finding by the court.[6]

---

[6]There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) *(en banc)*. The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. Neither of these factors is

(continued...)

IT THEREFORE IS ORDERED that the motion (#20) for leave to amend is GRANTED, that the clerk shall file the amended complaint submitted, and that the complaint, as amended, shall be DISMISSED for failure to state a claim upon which relief may be granted. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

IT FURTHER IS ORDERED that, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), the court certifies to the court of appeals that an appeal is not taken in good faith. The action plainly is lacking in any merit. So that this certification may be clearly marked for review by the court of appeals, the clerk shall prominently include within the docket entry for this order a statement that the order also certifies to the court of appeals that an appeal would not be taken in good faith.

IT FURTHER IS ORDERED that, taking into account more recent financial papers in subsequent actions, plaintiff's application (#1) to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The clerk shall SEND a copy of this order to the finance division of the clerk's office. The clerk shall also SEND a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

---

[6](...continued)
determinative and both must be viewed together before reaching a decision. *Id*.

IT FURTHER IS ORDERED that all remaining pending motions, including #17 and #21, are DENIED.

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: June 17, 2014.

_____
JAMES C. MAHAN
United States District Judge